108 F.3d 1392
 18 ITRD 2503
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Stella M. RUDLOFF, Plaintiff-Appellant,
v.
The UNITED STATES Defendant-Appellee.
 No. 96-1115.
 United States Court of Appeals, Federal Circuit.
 Feb. 19, 1997.
 
 Before ARCHER, Chief Judge, PLAGER, and RADER, Circuit Judges.
 PLAGER, Circuit Judge.
 
 
 1
 The decision of the Court of International Trade, Doc. No. 95-01-00002, is affirmed for the reasons given by the trial court. Ms. Rudloff's appeal largely misapprehends our standard of review in challenges to the administration of the Customs brokerage exam. The Secretary of the Treasury is given broad power to license customs brokers. 19 U.S.C. § 1641 (1994). We can only overturn a decision by the Secretary to deny a customs brokers license if such decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. § 706 (1994); see also DiIorio v. United States, 14 CIT 746, 747 (1990). The exam required Ms. Rudloff to "select the BEST answer from among those provided." We need look no further than a recent ruling by Customs Headquarters to conclude that Customs satisfied their burden. In that ruling, Customs classified goods virtually identical to those in the question in the same classification as the preferred answer. See HQ 952716 (Dep't Treasury March 3, 1993). Accordingly, Customs' answer can hardly be considered arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.